IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        v.                                    12-CR-211

MICHAEL LEE REED, JR.,

        Defendant.

---



### PLEA AGREEMENT

The defendant, MICHAEL LEE REED, JR., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 2422(b) (attempted coercion and enticement of a minor to engage in sexual activity) for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 5 years up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim or victims' compensable losses as determined by the Court.    The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.    As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.   The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is employed; and where the defendant is a student.   The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.   The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.   The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.  ELEMENTS AND FACTUAL BASIS

5.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.    that the defendant knowingly attempted to persuade, induce, entice or coerce a minor to engage in sexual activity;

   b.    that the defendant used a facility of interstate commerce;

   c.    that the sexual activity would violate New York State law; and

   d.    that when the defendant did the acts the minor was less than eighteen years of age.

## FACTUAL BASIS

6.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.    Beginning on or about April 27, 2012, and continuing through on or about May 7, 2012, in the Western District of New York, the defendant began communicating with a thirteen-year-old minor victim using both FACEBOOK.com and text messaging.

   b.    During the course of the communications the defendant, using his LG cellular telephone, attempted to persuade, induce and entice the minor victim to take sexually explicit photographs and videos of herself and send them to him. The defendant knew at the time he was asking the minor victim to take the photographs and videos that the victim was under 18 years of age.

   c.    It is a violation of New York State Penal Law, Section 263.10, to produce, direct or promote any obscene performance which includes sexual conduct by a child less than seventeen years of age.

### III.   <u>SENTENCING GUIDELINES</u>

7.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### <u>BASE OFFENSE LEVEL</u>

8.    The government and the defendant agree that Guidelines § 2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of 28.

### <u>SPECIFIC OFFENSE CHARACTERISTICS</u>

### U.S.S.G. CHAPTER 2 ADJUSTMENTS

9.    The government and the defendant agree that the following specific offense characteristic does apply:

    a.   The 2 level upward adjustment of Guidelines
         § 3G1.3(b)(3) (offense involved use of a computer).

### <u>ADJUSTED OFFENSE LEVEL</u>

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 30.

## ACCEPTANCE OF RESPONSIBILITY

11.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 27.

## CRIMINAL HISTORY CATEGORY

12.  It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13.  It is the understanding of the government and the defendant that, with a total offense level of 27 and criminal history category of I, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would

be a term of imprisonment of 120 months, a fine of $12,500 to $125,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14.  The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15.  The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

16.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the coercion or enticement of a minor to engage in sexual activity, or attempting to produce child pornography, which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

17.   At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court. The government reserves the right to take a position as to the amount and method of payment of restitution.

18.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all
     the information and evidence in its possession that
     the government deems relevant concerning the
     defendant's background, character and involvement
     in the offense charged, the circumstances
     surrounding the charge and the defendant's criminal
     history;

b.   respond at sentencing to any statements made by the
     defendant or on the defendant's behalf that are
     inconsistent with the information and evidence
     available to the government;

c.   modify its position with respect to any sentencing
     recommendation or sentencing factor under the
     Guidelines including criminal history category, in
     the event that subsequent to this agreement the
     government receives previously unknown information,
     including conduct and statements by the defendant
     subsequent to this agreement, regarding the
     recommendation or factor; and

d.   advocate at sentencing consistent with the terms of
     this agreement.


19.  At sentencing, the government will move to dismiss the
open count of the Indictment in this action.


20.  The defendant agrees that any financial records and
information provided by the defendant to the Probation Office,
before or after sentencing, may be disclosed to the United States
Attorney's Office for use in the collection of any unpaid financial
obligation.

## VI.   **APPEAL RIGHTS**

21.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised

release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   <u>TOTAL AGREEMENT AND AFFIRMATIONS</u>

24.  This plea agreement represents the total agreement between the defendant, **Michael Lee Reed, Jr.**, and the government. There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL JR.
United States Attorney
Western District of New York

BY:  _____
Michael DiGiacomo
Assistant U.S. Attorney

Dated: December 20th, 2012

I have read this agreement, which consists of 12 pages.  I have had a full opportunity to discuss this agreement with my attorney, John Humann, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____          _____
Michael Lee Reed, Jr.                     John Humann, ESQ.
Defendant                                 Attorney for the Defendant


Dated: December 20 , 2012                 Dated: December 20 , 2012


-12-